### PAULKE v. DUROSS et al.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. BROKERS (§ 35*)—CONVERSION BY BROKER—ACTS CONSTITUTING.
   Plaintiff, through a real estate brokerage company of which defendants B. and D. were officers or employés, purchased furniture on which was a chattel mortgage. Before closing the sale, she told defendants that they must see that the mortgage was satisfied, and must have the mortgagee present when the sale was closed. At the time of closing the sale the mortgagee delivered a satisfaction piece of the mortgage to D., and plaintiff paid the purchase price to B., who handed it to the seller, with instructions to pay the amount of the mortgage to the mortgagee. The seller, after reading, signing, and acknowledging the bill of sale, left the office without paying the mortgagee. Plaintiff gave defendants no instructions when she paid them the money, and made no protest against the payment to the seller. *Held*, that the facts failed to show a conversion of the money by defendants.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 27; Dec. Dig. § 35.*]

2. TROVER AND CONVERSION (§ 25*)—ACTS CONSTITUTING CONVERSION.
   If such facts did show a conversion by B., they wholly failed to show any conversion by D., who neither handled the money, nor gave any directions concerning its payment.
   [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 173–180; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Emilie Paulke against Joseph A. Duross and another. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

James E. Duross, of New York City, for appellants.
Charles W. Philipbar, of Brooklyn, for respondent.

PAGE, J. [1, 2] The action was brought to recover damages for conversion. The facts are as follows: The plaintiff was desirious of procuring a certain furnished room house, and knowing that the

Duross Company, a corporation doing a real estate brokerage business, had sold one a few months previous, applied to them. As a result a contract was entered into whereby Annie Glanzrock agreed to sell the furniture in this same house to the plaintiff for $975. There was a chattel mortgage on the furniture for $300 held by the landlord of the house that was to be satisfied. The plaintiff paid $100 between the dates of signing the contract and the closing. On the 27th day of March, 1912, the defendants, Annie Glanzrock, and the mortgagee met at the office of the Duross Company. The bill of sale was prepared. Satisfaction piece of the chattel mortgage was delivered to defendant Duross, and plaintiff handed $900 to defendant Bedard, who handed her back $25, and handed to Annie Glanzrock the $875. Thereafter Annie Glanzrock read over the bill of sale, and had it read by two men who were with her and signed and acknowledged the bill of sale to Mr. Duross, and was told by one of the defendants to hand $300 to the mortgagee, but Annie Glanzrock ran rapidly out of the office and disappeared, carrying with her the entire $875. This action was then brought against the two defendants to recover the $300 on the theory that they had converted it to their own use, and judgment was given for the plaintiff.

It is difficult to understand, even on the theory upon which the learned justice predicated his decision, how the judgment could be given against both of the defendants. They were not partners, but were employés or officers of the corporation. The money was handed to Bedard and by him paid over to Annie Glanzrock, and was not handled by, nor were any instructions given by Duross as to its payment. The judgment was clearly erroneous as to him. The claim of the plaintiff is that Bedard was her agent, and that the money was delivered to him with instructions to pay over $300 to the mortgagee and $575 to Annie Glanzrock, and that by violating the instructions he became liable as for a conversion for the sum lost. There were no instructions given at the time the money was paid, and the only instruction proved in relation to the matter was that plaintiff told the defendants several days before the closing that they must see that the mortgage was satisfied, and must have the mortgagee present so that she could see that the money was paid over. The plaintiff was present when the money was paid to Annie Glanzrock, and made no protest, although sufficient time elapsed for three people to read over the bill of sale, and for it to be executed and acknowledged. There was not sufficient in the facts proved to hold the defendants liable for conversion. Minneapolis Trust Co. v. Mather, 181 N. Y. 205, 213, 73 N. E. 987, et seq.

The judgment should be reversed, with costs, and the complaint dismissed, with costs to the appellants. All concur.